Wright, J.
There were four counts in the indictment. To the first, the defendants pleaded not guilty; and demurred to the second, third and fourth. The first count was under the section of the Revised Statutes declaring it a felony to inveigle or kidnap a persoli, with the intent to cause such person to be sold as a slave. (2 R. S., 664, § 28.) The others were under the section making it felony to sell the services or labor of a person of color, who shall have been forcibly taken, inveigled or kidnapped from this state to any other state, place or country. (2 R. S., 665, § 32.) The counts demurred to, charged the defendant with selling, in the city of Washington in the District of Columbia, the services and labor of one Solomon Northrup, a free negro, who had been inveigled from the state. The demurrers were sustained by the court of oyer and terminer; but instead of proceeding to trial on the first count, a record of judgment was made up on the demurrers, disregarding the issue of fact joined on the indictment, and the people brought error. The supreme court affirmed the judgment, and the people now bring error to this court. The record shows that there has been no judgment rendered, final or otherwise, upon the whole indictment, in the oyer and terminer, and that an issue of fact is now pending. There is, therefore, a preliminary question, whether the writ should not be dismissed.
Writs of error (except in capital cases), were and are, in behalf of a defendant, writs of right; and in capital cases *76 are allowable by one of the justices of the supreme court, (2 R. S., 740, §§ 16, 17.). A writ of error, however, can only be brought by a defendant to review a final judgment rendered upon an indictment. If the supreme court affirm the judgment, it is to direct the sentence pronounced to be executed; if it reverse the judgment, it is either to direct a new trial, or that the defendant be .absolutely discharged, according to the circumstances of the case. (2 R. S., 741, § 26.) In The People v. Corning (2 Comst., 9), it was held that the people could not bring error after judgment for the defendant in a criminal case. This decision led,, in 1852, to the passage of an enabling act. The act authorized the district attorney of the county where the judgment was rendered, upon the same being allowed by a justice of the supreme court, td bring a writ of error' in behalf of the people of the state “ to review any judgment rendered in favor of any defendant upon any indictment for any criminal offence, except when such defendant shall be acquitted by a jury.” (Laws of 1852, 76.) The judgment mentioned, and which this statute authorizes a writ of error on behalf of the people to review, is clearly a final judgment, or a judgment upon the whole record. It is a judgment rendered upon an indictment, and not upon particular counts thereof, leaving others undisposed of. Where the defendant interposes a plea of not guilty to a count in the indictment, and demurs to another, and there is judgment for the defendant on the demurrer, leaving the indictment untried as to the good count, the statute is no authority to bring error to review such a judgment. It has never been allowed to a defendant to bring error except upon a judgment which disposed of the whole indictment; and it would be unjustifiably enlarging the enactment to hold that it authorizes, on behalf of the people, the review'of one of a merely interlocutory character, affecting but a part of the record. In the supreme court the defendants, if the judgment were in their favor, on a demurrer to the whole *77 of the indictment, would be entitled to be absolutely discharged. But such a direction could not have been given in this case, as the judgment on which error was brought did not dispose finally of the indictment against them. They could not be discharged from the indictment, as there was an issue of fact pending and undetermined, and they might still be convicted under it.
Error cannot be brought upon a judgment that does not dispose of the whole indictment and is not final in its nature. If the plea of not guilty is interposed, that issue is to be tried. Error can only be brought upon a judgment rendered on the indictment as a whole; and the district attorney is not at liberty to split it up into as many judgments as there are counts or diverse grounds of defence, and ask the appellate court to separately review them. The writ in this case charged error in giving judgment on the indictment, but upon an inspection of the record" it appears that no complete judgment has been given thereon; that the indictment is still pending on an untried issue of fact, and on which the defendants are still in jeopardy of a conviction.
The judgment should be reversed, and the supreme court directed to dismiss the writ of error.
A. S. Johnson, J.
In the oyer and terminer, the defendants plead not guilty to the first count in the indictment, and demurred separately to the three other counts. No trial has been had upon the issue of fact; but that court has sustained, by its decision, the demurrer to the three counts. Upon this decision a writ of error was brought by the people to the supreme court, where the decision was affirmed, and now the people have brought error to this court. Before the decision in The People v. Corning (2 Comst., 9), it was well settled, in this state, that a writ of error could be brought only after final judgment upon the indictment. (Barb. Cr. Law, 337; 1 Chit. Cr. Law, 747; *78 The People v. Stearns, 23 Wend., 634.) And under that state of the law it would have been the duty of the supreme court to have dismissed the writ of error in this case. In The People v. Corning, it was decided that a writ of error in a criminal case could not be brought by the people. Their right to sustain this writ of error is to be found, if it exists at all, in the act in relation to writs of error in behalf of the people in criminal cases. (Laws of 1852, ch. 82.) That act provides that “ writs of error to review any judgment rendered in favor of any defendant upon any indictment for any criminal offence, except where such defendant shall have been acquitted by a jury, may be brought in behalf of the people,” &c. It is a judgment upon an indictment, rendered for the defendant, which is made subject to review in the cases mentioned. Here there has been no judgment upon the indictment, either for or against the defendants, and until such a judgment shall have been pronounced no writ of error can be maintained. This agrees with the law as it was understood before The People v. Corning was decided, and places the right of the people -substantially upon the same footing in this respect with that of the defendants in criminal prosecutions, who never could bring error until after final judgment.
The judgment of the supreme court should be reversed, and that court directed to dismiss the writ of error to the court of oyer and terminer.
Judgment accordingly.